UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re: | Chapter 13 |
| THEODORE J. POLCZYNSKI et al. | Case No. 21-25057-gmh |
| Debtor | |
| ROYCE LINDNER and<br>KATHERINE LINDNER | Adv. No. |
| Plaintiffs, | |
| v. | |
| THEODORE J. POLCZYNSKI | |
| Defendant. | |

**ADVERSARY COMPLAINT SEEKING EXCEPTION TO DISCHARGE PURSUANT TO 11 U.S.C SECTIONS 523(a)(2) AND (6)**

NOW COMES the above-named Plaintiffs, ROYCE LINDNER and KATHERINE LINDNER, by their attorneys, Niebler, Pyzk, Carrig, Jelenchick & Hanley LLP, and as and for a Counterclaim against the above-named Plaintiff, IDEAL HOMES, INC., allege and show to the Court as follows:

1. This adversary proceeding is brought in connection with the Debtor's/Defendant's case under Chapter 7, Title 11, United States Bankruptcy Code known as Case No. 21-25057 now pending in this Court. This Court has jurisdiction over this adversary proceeding pursuant to

James P. Riebe
Niebler, Pyzk, Carrig, Jelenchick & Hanley LLP
N94 W17900 Appleton Avenue
P.O. Box 444
Menomonee Falls, WI 53052-0444
262-251-5330 - phone
262-251-1823 - fax
jriebe@nieblerpyzk.com

28 U.S.C. Sections 157 and 1334 and 11 U.S.C. 523 and is a core proceeding pursuant to 28 U.S.C. Section 157.

2. The Debtor/Defendant, THEODORE J. POLCZYNSKI, filed a voluntary Chapter 13 petition in bankruptcy on or about September 21, 2021, which was thereafter converted to Chapter 7 on November 16, 2021.

3. The Plaintiffs, ROYCE LINDNER and KATHERINE LINDNER (hereinafter "the Plaintiffs"), are husband and wife, and adult residents of the State of Wisconsin, who reside at 5350 South Old Orchard Court, City of New Berlin, County of Waukesha, State of Wisconsin.

4. That the Debtor/Defendant, THEODORE J. POLCZYNSKI (hereinafter "the Defendant") is an adult resident of the State of Wisconsin, who resides at 6917 Highway 83, Hartland, Wisconsin 53209.

5. That the Plaintiffs had no knowledge or notice of the Defendant's bankruptcy filing until January 5, 2022, after the conclusion of the creditor's meeting, and the Defendant did not identify the Plaintiffs as creditors in the bankruptcy until February 3, 2022

6. That, upon information and belief, the Defendant, was, at all times material to the Adversary Complaint, the President of the Plaintiff, IDEAL HOMES, INC. ("Ideal Homes").

7. That during all of Plaintiffs' dealings with Ideal Homes, Plaintiffs interacted only with the Defendant, who acted as the sole representative of Ideal Homes.

8. That on or about June 22, 2017, Plaintiffs entered into a Building Construction Contract ("Construction Contract") with Ideal Homes as the builder.

9. That the Construction Contract was for the lump sum price of $392,201.00.

10. That under the Construction Contract, Ideal Homes agreed to perform all aspects of new home construction, including providing all labor and materials as set forth in the

2

Construction Contract, including the Plans and Specifications referenced in the Construction Contract.

11. That upon entering into the Construction Contract, on June 22, 2017, Plaintiffs paid the Defendant a deposit of $20,000, as required under the Construction Contract.

12. That on or about August 4, 2017, Plaintiffs entered into a Residential Construction Loan Escrow Disbursement Agreement ("Disbursement Agreement") with Frontier Title and Closing Services, L.L.C. as escrowee for Plaintiffs' construction lender, Great Midwest Bank, SSB. That Ideal Homes signed the Disbursement Agreement as the builder/general contractor.

13. That the Disbursement Agreement set forth requirements and procedures for disbursements on the Lindner's construction loan, including disbursements to Ideal Homes.

14. That under the Disbursement Agreement, Ideal Homes agreed to the escrowee's requirements and procedures set forth in the Disbursement Agreement.

15. That upon closing on their construction loan, on August 4, 2017, Plaintiffs paid Ideal Homes an additional deposit of $10,000, as required under the Construction Contract.

16. That the Construction Contract required Ideal Homes to (1) diligently obtain all permits and approvals required for construction, (2) apply all deposits to its costs and charges, (3) commence excavation within 30 working days of the signing of the contract, closing of the construction loan and satisfaction of all contingencies out of Ideal Homes' control, (4) complete the construction within 180 working days of commencement, (5) provide proper lien waivers if required by the title company or lender escrow agent, (6) pursue its rights and responsibilities in good faith, with mutual respect for the rights of the other, (7) promote effective communication, and (8) where possible, promote the completion of the home as quickly as possible.

17. That the Disbursement Agreement required Ideal Homes to (1) provide a sworn statement setting forth all contractors and materialmen, the amounts of related contracts, amounts paid to date, amounts of current payments and balance due, (2) current waivers and releases of lien, contracts or other supporting documents required by escrowee and permitted the escrowee to (1) establish specific requirements for Ideal Homes' first draw and (2) stop any disbursement if escrowee discovered any misstatement or deficiency.

18. That at the time Ideal Homes entered into the Construction Contract and Disbursement Agreement and collected the $30,000 deposit from Plaintiffs, Ideal Homes and the Defendant were defendants in a lawsuit by their business lender, which resulted in a judgment of $137,295.00 against them in October 2017

19. That also at the time Ideal Homes entered into the Construction Contract and Disbursement Agreement and collected the $30,000 deposit, upon information and belief, the Defendant was being criminally prosecuted in Racine County for misappropriation of construction trust funds in excess of $10,000.

20. That Ideal Homes and the Defendant did not inform Plaintiffs of the collection lawsuit or criminal prosecution at the time the Defendant signed the Construction Contract and Disbursement Agreement for Ideal Homes.

21. That Ideal Homes did not apply for a building permit until late November, 2017 and did not commence excavation until January, 2018.

22. That in February 2018, Ideal Homes submitted its first draw request, which requested payment for work not yet performed and did not give credit for Plaintiffs' $30,000 deposits. That in submitting its first draw request, Ideal Homes failed to follow the Construction Contract and failed to satisfy the requirements under the Disbursement Agreement.

23. That also at the time Ideal Homes submitted its first draw request, Ideal Homes had failed to commence excavation in the time required under the Construction Contract, and otherwise was so severely behind schedule that it could not complete construction within the time required by the Construction Contract.

24. That Ideal Homes further did not act in good faith, or did not respect the rights of Plaintiffs, did not promote effective communication and did not promote completion of the Lindner's home as quickly as possible.

25. That on or about April 4, 2018, the escrowee terminated the Disbursement Agreement due to Ideal Homes' inability and unwillingness to satisfactorily comply with the escrowee's requirements, which were necessary for escrowee to facilitate disbursements. Around that time, Plaintiffs also learned that Ideal Homes had not paid the excavation subcontractor and septic/well subcontractor.

26. That on or about April 30, 2018, Plaintiffs caused their counsel to send a letter to Ideal Homes and the Defendant (1) requesting a full, accurate and up-to-date accounting of any and all work performed, including subcontractors and (2) providing notice that Ideal Homes was in anticipatory breach of the Construction Contract. The Plaintiffs rescinded the Construction Contract as the result of Ideal Homes anticipatory breach.

27. That the Defendant received Plaintiffs April 30, 2018 letter on May 2, 2018.

28. After receiving no response from Ideal Homes or the Defendant, on May 14, 2018, Plaintiffs caused their counsel to send a letter to Ideal Homes and the Defendant informing Ideal Homes and the Defendant that Plaintiffs hired a new contractor to construct their new home in mitigation of their damages to complete the construction as close to the original budget and schedule as possible, and reserving all rights and claims against Ideal Homes and the Defendant.

29. That the Defendant received Plaintiffs' May 14, 2018 letter on May 15, 2018.

30. The Plaintiffs then received no communication from Ideal Homes or the Defendant thereafter until Ideal Homes' Notice of Intent to File Claim for Lien on June 19, 2018.

**FIRST CAUSE OF ACTION**
**NON-DISCHARABILITY UNDER 532(a)(2)(A), 523(a)(4) and 523(a)(6)**
**FOR THEFT BY CONTRACTOR**

31. Plaintiffs reincorporate paragraphs 1 through 30 of their Adversary Complaint as if fully stated herein.

32. At all times material herein, Ideal Homes was the prime contractor hired by Plaintiffs to construct their home, and the Defendant was the President of Ideal Homes.

33. Upon information and belief, Ideal Homes engaged subcontractors to perform excavation and well/septic work.

34. Upon information and belief, Ideal Homes, under the Defendant's direction and control, has failed to pay the excavation and well/septic subcontractors monies owed to them as a result of labor and materials provided by said subcontractors.

35. The Plaintiffs' $30,000 deposit received by Ideal Homes constituted a trust fund for the amount of claims due from Ideal Homes' subcontractors for labor and materials provided.

36. Upon information and belief, the Defendant has intentionally misappropriated Plaintiffs' $30,000 deposit for the purposes other than for labor and materials provided by Ideal Homes' subcontractors, and the Defendant is responsible for such intentional misappropriation of Plaintiffs' $30,000 deposit.

37. Upon information and belief, Plaintiffs' $30,000 deposit paid to Ideal Homes was used by the Defendant for purposes other than payment for the labor and materials provided by

6

Ideal Homes' subcontractors, and the Defendant did so without Plaintiffs' consent and contrary to the Plaintiffs' authority.

38. Upon information and belief, the Defendant intentionally converted Plaintiffs' $30,000 deposit to use other than paying Ideal Homes' subcontractors that were due and owing, in violation of Section 779.02(5) of the Wisconsin Statutes.

39. That the Defendant is liable for exemplary damages under Sections 895.446(3)(c) and 943.20 of the Wisconsin Statutes, including treble damage and all costs of investigation and litigation.

40. That the Plaintiff's payments were trust funds in the hands of Ideal Homes, as contractor, and Defendant was a fiduciary of Plaintiffs' trust funds under Section 779.02(5) of the Wisconsin Statutes.

41. Defendant's request from the Plaintiffs for a down payment was made with false pretenses that Ideal Homes was able to perform the Construction Contract, was financially sound, and that the down payment would not be used to pay other debts.

42. Defendant's misappropriation of the Plaintiffs' trust funds and failure to account for Plaintiffs' trust funds constitute a defalcation of the funds held and controlled by Defendant in a fiduciary capacity.

43. That the Defendant's use of the Plaintiffs' down payment for other purposes, including to pay other debts, were willful, made with the intent to injure, and malicious, done without just cause or excuse.

# SECOND CAUSE OF ACTION NON-DISCHARABILITY UNDER 523(a)(6) FOR SLANDER OF TITLE

44. Plaintiffs reincorporate paragraphs 1 through 42 of their Adversary Complaint as if fully stated herein.

45. Ideal Homes' Lien Claim totals $49,925.25, which encumbers Plaintiffs' property, and was signed and filed by the Defendant.

46. Ideal Homes' Lien Claim includes charges for work not yet performed and materials not provided, and does not provide the credits for payments already received.

47. The Defendant knew or should have known the contents of the Claim for Lien, including the amount, were false, a sham and frivolous.

48. The actions of the Defendant with regard to Ideal Homes' asserted lien rights has interfered with the financial interests of Plaintiffs and has impaired title to Plaintiffs' property, causing Plaintiffs damages to be proven at trial, including increased interest rates on their mortgage loan, which Plaintiffs planned to refinance.

49. The actions of the Defendant with regard to Ideal Homes' asserted lien rights were constitute slander of title under Section 706.13 of the Wisconsin Statutes, entitling Plaintiffs punitive damages, actual damages, costs and attorneys' fees.

50. That the Defendant's violations of the Section 706.13 of the Wisconsin Statutes, including his slander of title against the Plaintiffs' property, were willful, made with the intent to injure, and malicious, done without just cause or excuse.

WHEREFORE, Plaintiffs, ROYCE LINDNER and KATHERINE LINDNER, demand judgment against the Defendant, THEORDORE J. POLCZYNSKI, as follows:

1. On the First Cause of Action (Theft by Contractor), for an award of damages as may be deemed recoverable and proven at trial, including treble damages, costs and fees as set forth by statute;

2. On the Second Cause of Action (Slander of Title), an award of damages as may be deemed recoverable and proven at trial, including punitive damages, costs and fees as set forth by statute.

3. For a judgment determining Defendant's indebtedness to Plaintiffs is non-dischargeable pursuant to 11 U.S.C. Sections 523(a)(2)(A), (a)(4) and (6), as plead, and under any other applicable provisions of the Bankruptcy Code excepting discharge.

4. For any further relief that the Court may deem just and equitable.

Dated this 11th day of February, 2022.

        NIEBLER, PYZYK, CARRIG, JELENCHICK & HANLEY LLP
        Attorneys for Plaintiffs, Royce and Katherine Lindner

By:    */s/ James P. Riebe*
       James P. Riebe
       State Bar No. 1063674

P.O. ADDRESS:
P.O. Box 444
Menomonee Falls, WI 53052-0444
Phone: 262/251-5330
Fax:    262/251-1823
jriebe@nieblerpyzyk.com